[DO NOT PUBLISH]

In the

# United States Court of Appeals

For the Eleventh Circuit

———————————————

No. 21-12962

Non-Argument Calendar

———————————————

EDWIN JONES,

                                                      Plaintiff-Appellant,

*versus*

BIRMINGHAM, CITY OF,

                                                      Defendant-Appellee.

———————————————

Appeal from the United States District Court
for the Northern District of Alabama
D.C. Docket No. 2:19-cv-01426-CLM

———————————————

Before Luck, Lagoa, and Brasher, Circuit Judges.

PER CURIAM:

Edwin Jones appeals the district court's grant of summary judgment to his employer, the City of Birmingham, on his claims of race discrimination, retaliation, and hostile work environment under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e-2(a), 3(a). We conclude that the district court correctly granted summary judgment as to the first two of these claims. But to the extent that Jones asserted that he was subject to a retaliatory hostile work environment, the district court analyzed that claim under the wrong legal standard. We therefore partially vacate its decision as to that claim and remand for further proceedings.

## I.

Jones, a black man, works for the City as a police officer. In 2015, he filed a charge of discrimination against the City with the Equal Employment Opportunity Commission, accusing another officer named Julie Quigley-Vining of retaliation and discrimination. In 2016, Jones filed a federal lawsuit that settled three years later.

In 2018, the police department began investigating Jones for performing paid work on the side while on the clock as a police officer. The commanding officer, Nashonda Howard, assigned officer Rebecca Herrera to conduct the investigation.

Shortly thereafter, the department launched another investigation into Jones's handling of a car accident that caused the death of a pedestrian. Howard again assigned Herrera to investigate, and Jones asked that she be removed from the investigation because she was friends with Quigley-Vining—the subject of his earlier lawsuit. David Rockett, the officer in charge of the investigative division, denied his request. At the conclusion of the second investigation, Rockett decided to send Jones a "letter of counseling" because he failed to activate his body camera while investigating the traffic accident.

Jones was later at a meeting with the department's deputy chief, Michael Richards, who threatened those present against making any complaints to the EEOC, human resources, or the police chief.

Jones subsequently filed another charge of discrimination with the EEOC, and then filed this case in federal court. He asserted that the City discriminated against him based on his race by launching the two internal investigations and by issuing the letter of counseling. He also claimed that it retaliated against him for his earlier EEOC complaint and lawsuit, and that it created a hostile work environment.

The City moved for summary judgment, which the district court granted. Regarding the race discrimination claim, the court explained that Jones failed to point to any similarly situated person outside his protected group that the City had treated more favorably. As for the retaliation claim, it reasoned that there was no

evidence that anyone in charge of launching the investigations knew about Jones's earlier EEOC complaint or his lawsuit. It also noted that the investigations occurred too long after the filing of the complaint and lawsuit to establish a causal link. Finally, the court determined that any harassment that Jones had experienced was not severe or pervasive enough to create a hostile work environment.

Following the grant of summary judgment on his claims, Jones timely appealed.

## II.

We review *de novo* the district court's grant of summary judgment and apply the same standard used by the district court. *Burton v. Tampa Hous. Auth.*, 271 F.3d 1274, 1276-77 (11th Cir. 2001). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A court, however, must view all facts in the record in the light most favorable to the nonmovant and draw all inferences in his favor. *Frederick v. Sprint/United Mgmt. Co.*, 246 F.3d 1305, 1311 (11th Cir. 2001). Unsupported speculation does not create a genuine issue of fact. *Cordoba v. Dillard's, Inc.*, 419 F.3d 1169, 1181 (11th Cir. 2005).

### III.

On appeal, Jones argues that the district court erred by granting summary judgment to the City on his claims for race discrimination, retaliation, and hostile work environment. We address each of these claims in turn.

### A.

First, Jones argues that he created a genuine issue of material fact as to his race discrimination claim.

A plaintiff can survive summary judgment on a race discrimination claim based on circumstantial evidence in either of two ways. He may rely on the *McDonnell Douglas* framework, which initially requires the plaintiff to establish that "(1) he belongs to a protected class; (2) he suffered an adverse employment action; (3) he was qualified to perform the job in question; and (4) his employer treated 'similarly situated' employees outside his class more favorably." *Jenkins v. Nell*, 26 F.4th 1243, 1249 (11th Cir. 2022) (quoting *Lewis v. City of Union City, Ga.*, 918 F.3d 1213, 1220–21 (11th Cir. 2019)). To satisfy the fourth element of this test, he must point to a "comparator" who is "similarly situated in all material respects." *Id.* (quoting *Lewis*, 918 F.3d at 1224). Such a person ordinarily will have engaged in the same basic misconduct as the plaintiff; been subject to the same employment policies; shared the same supervisor; and shared the plaintiff's employment or disciplinary history. *Id.*

As an alternative to the *McDonnell Douglas* framework, the plaintiff can present circumstantial evidence that, "viewed in a light most favorable to the plaintiff, presents a convincing mosaic" of discriminatory intent. *Id.* at 1250 (quoting *Smith v. Lockheed-Martin Corp.*, 644 F.3d 1321, 1328 (11th Cir. 2011)). For example, he can point to "(1) suspicious timing, ambiguous statements, or other information from which discriminatory intent may be inferred, (2) 'systematically better treatment of similarly situated employees,'" and (3) evidence that the employer's justification is a pretext. *Id.* (quoting *Lewis v. City of Union City, Ga.*, 934 F.3d 1169, 1185 (11th Cir. 2019)).

Here, Jones relies on both theories in support of his claim. Under the *McDonnell Douglas* framework, he asserts that he suffered adverse employment actions because he was subject to an investigation after handling the traffic accident, and he was not allowed to amend his traffic report. He points to a single comparator in support of his claim: a white officer named Donald Mason. He argues that Mason received preferential treatment because he was allowed to amend a traffic accident report and was not investigated after doing so.

But as the district court pointed out, Jones was not similarly situated to this comparator. There was a notable difference between their respective misconduct—Jones failed to turn on his body camera at the accident, but there is no evidence that Mason made this same mistake. The context of the misconduct was also different—Jones's accident involved a fatality, Mason's did not.

And Jones failed to produce any evidence that he and Mason had similar employment or disciplinary history. Because Jones was dissimilarly situated to Mason in these material respects, he could not establish a prima facie discrimination claim under the *McDonnell Douglas* framework. *See Jenkins*, 26 F.4th at 1249.

Under a "convincing mosaic" theory, Jones again asserts that he was treated less favorably than Mason, and he argues that the letter of counseling that he received was a pretext for discrimination. As just explained, Mason is not an adequate comparator in this case. And Jones's bald assertion regarding the letter of counseling is hardly enough to create a triable issue of fact regarding the City's discriminatory intent. We thus conclude that the district court correctly granted summary judgment on this claim.

## B.

Second, Jones contends that the district court should not have granted summary judgment on his retaliation claim.

To set out a prima facie case of retaliation based on circumstantial evidence, a plaintiff must prove that he suffered an adverse employment action that was causally linked to a statutorily protected activity. *Brown v. Alabama Dep't of Transp.*, 597 F.3d 1160, 1181 (11th Cir. 2010) (quoting *Bryant v. Jones,* 575 F.3d 1281, 1307 (11th Cir. 2009)). To establish a causal connection, the plaintiff must show that (1) the decisionmakers knew of his protected activity, and (2) the protected activity and the adverse action were not wholly unrelated. *Shannon v. Bellsouth Telecomms., Inc.*, 292 F.3d

712, 716 (11th Cir. 2002). "It is not enough for the plaintiff to show that someone in the organization knew of the protected expression; instead, the plaintiff must show that the person taking the adverse action was aware of the protected expression." *Bass v. Bd. of Cnty. Comm'rs, Orange Cnty., Fla.*, 256 F.3d 1095, 1119 (11th Cir. 2001).

Jones argues that he engaged in protected activity by filing his first EEOC charge and the federal civil lawsuit that followed. He argues that the City took adverse action by conducting two internal affairs investigations, sending him a letter of counseling, and refusing to remove Herrera from one of the investigations. And he argues that the district court erred in finding that these adverse actions lacked temporal proximity to his protected activity because his federal lawsuit was ongoing during the investigations.

Regardless of whether Jones met the other requirements for a retaliation claim, he did not present evidence that the relevant decisionmakers knew about his EEOC complaint or his lawsuit. Howard was responsible for initiating the investigations, and Rockett was the one who decided to issue the letter of counseling. Although these individuals may have known Quigley-Vining, who was the subject of Jones's earlier lawsuit, this personal connection alone is not enough to create a genuine issue of fact regarding their knowledge of his protected conduct. Jones has therefore failed to establish a prima facie case of retaliation, and the district court correctly granted summary judgment. *See Brown*, 597 F.3d at 1181; *Shannon, Inc.*, 292 F.3d at 716.

## C.

Third, Jones argues that the district court erred by granting summary judgment on his claim for hostile work environment.

There are two types of hostile work environment claims under Title VII: one based on discrimination, and the other based on retaliation. *Babb v. Sec'y, Dep't of Veterans Affs.*, 992 F.3d 1193, 1206–07 (11th Cir. 2021). The tests for these claims differ in at least one important respect. To establish a discrimination-based hostile work environment, a plaintiff must prove that his employer was responsible for "severe or pervasive" harassment based on the plaintiff's protected characteristic. *Adams v. Austal*, 754 F.3d 1240, 1249 (11th Cir. 2014). But the standard for a retaliation-based hostile work environment claim simply requires that the employer's action "might have dissuaded a reasonable worker" from filing a charge of discrimination. *Babb*, 992 F.3d at 1196 (quoting *Burlington Northern & Santa Fe Railway Co. v. White*, 548 U.S. 53, 68 (2006)).

In his second amended complaint, Jones appears to have raised both types of claims. Regarding a discriminatory hostile work environment, he asserted that the investigations and related actions were racially motivated. And regarding a retaliatory hostile work environment, he asserted that Richards "openly forbade" him and his coworkers from contacting human resources or the EEOC with complaints. His later testimony elaborated on the graphic threat that Richards issued against taking any such action.

Yet the district court applied only a "severe or pervasive" standard in its hostile work environment analysis, including in its discussion of Richards's threat. Because the court erred by failing to apply the less onerous "might have dissuaded a reasonable worker" test, we will remand the retaliation-based hostile work environment claim for it to properly address in the first instance. We express no opinion on any of the other elements of a retaliatory hostile work environment claim.

However, because Jones's appellate brief addresses only the incident with Richards, he has abandoned any claim that he was subject to a discrimination-based hostile work environment. *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680 (11th Cir. 2014) ("When an appellant fails to challenge properly on appeal one of the grounds on which the district court based its judgment, he is deemed to have abandoned any challenge of that ground, and it follows that the judgment is due to be affirmed."). We therefore affirm the grant of summary judgment to the extent that his claim was based on racial discrimination.

**AFFIRMED IN PART, VACATED IN PART, AND REMANDED FOR FURTHER PROCEEDINGS.**